Good morning, may it please the court, I'm Louis Jenkins here for Mr. Walker. I'd like to reserve four minutes for a rebuttal argument, please. We brought this case because there's a question that was left open, a two-part question left open in the asterisk footnote in Beecham v. United, excuse me, U.S. v. Beecham, 511 U.S. 368. And that two-part question that was left open in the footnote in Beecham was, first of all, even though it was the second part of the footnote, the first question's already been answered so I cover it first, whether or not a restoration of civil rights could occur by operation of law. Since Beecham was decided in Karen v. United States at 524 U.S. 313, the United States Supreme Court has determined that nothing in the text of the statute under examination here, 18 U.S. 921A20, requires a case-by-case decision to restore civil rights to a particular offender. So the question of how a restoration of civil rights occurs for the purpose of section 921A20 has been answered. It can occur through an affirmative act or it can occur by operation of law, as the United States Supreme Court has now decided. The second part of the inquiry that was left open in Beecham is the question of what items are to be under consideration for the restoration of civil rights under section 921A20. And the court pointed out there the question in Beecham was whether the choice of law clause in section 921A20 affected the restoration of civil rights clause or so-called exemption clause. It's meaningful because the Gun Control Act of 1968, as amended from time to time, prohibits certain classes of persons from possessing, shipping, transporting, or receiving firearms. And it goes on to say in this section, 921A20, that a person whose civil rights have been restored is not a person who has a disqualifying conviction for the purpose of this section. And so the question then becomes for a person who's been convicted of an otherwise disqualifying felony in federal court, what has to be considered in order to determine whether or not that person fits within the exemption clause of section 921A20. And we know that. We know that now. We knew it as of 1990, in this circuit anyway, because of the Cassidy case in which this court said that the civil rights to be considered for the purpose of analyzing a question under section 921A20 were the civil rights of voting, holding office, and jury service. And we know that the United States Supreme Court, in a case called Logan v. U.S. at 552 U.S. section 28, has not held expressly, but it adopted those three rights as the rights. It said section 921A20 does not define the civil rights, the phrase civil rights, for the purpose of determining what needs to be restored. But the petitioner in that case agreed, and the Supreme Court said the cases have held, that the relevant ones are the right to vote, the right to serve on a jury. So then, under the analysis that was left open in Beecham in the asterisk footnote, we come to the crux of this case. And that is that we now know that civil rights can be restored by operation of law, and by analyzing the case law that occurred in this circuit before Beecham and in the United States Supreme Court after Beecham, we know what civil rights have to be analyzed to determine whether or not a person has their civil rights restored for the purpose of the exemption clause of section 921A20. And we have gone through and demonstrated that Mr. Walker has in fact, and I wish to insert an oral footnote here, note that the government has never disputed it anywhere in this case that Mr. Rogers has these, excuse me, Mr. Walker has these rights restored. But under the United States Constitution, the question of the right to vote in a federal election refers expressly back to state law. And Mr. Walker now presently possesses, and did possess before the outset of this case, the right to vote in federal elections under Tennessee state law. That question is answered in his favor. The question of whether or not a person has a right to hold federal office is a question that is set forth on the face of the federal Constitution. And in the Powell case that we cited in our brief, the United States Supreme Court has stated, held, that the no further requirements or restrictions can be imposed on the right to hold office, hold a federal office other than those set forth in the face of the Constitution. So Mr. Walker has the right to hold office, to seek and hold office, federal office. There is a statute, which was also referenced in the asterisk footnote in Beecham v. United States, regarding federal jury service, that is 28 U.S.C. 1865. And we've analyzed that statute. The question there is that a person does not have the right to serve on a federal jury unless their civil rights have been fully restored. The 28 U.S.C. 1865 does not contain a choice of law provision like section 921A20, 18 U.S.C. 921A20 does. So we know that the restoration of civil rights that is referenced there in section 1865 is not limited to federal law. And there is, as we have cited, case law indicating that the question about whether or not a person has a right to serve on a federal jury refers back to state law. And that makes structural sense under our constitutional system because as we, I'm loath to cite the slaughterhouse cases in one way because they are, the discussion of the privilege and immunities clause in the slaughterhouse cases has been much contested. But the slaughterhouse cases are still good law in the United States and the United States Supreme Court, of course, has refused to overrule the interpretation of the privileges and immunities clause in the slaughterhouse cases. And what we know from that discussion is that structurally civil rights are usually and mainly a matter of state law. And that makes sense. It's supported by the voting rights referral in the face of the Constitution back to state law. It shows where the analysis about most of those rights exist, and that is in state law. So the reference back to state law for the purpose of 28 U.S.C. 1865 and the right to serve on a federal jury makes sense to look back to state law. And in fact, that's what has happened. And Mr. Walker has the right to serve on a federal jury by virtue of the restoration of civil rights that occurred to him by the state of Tennessee. He can serve on a jury in the state of Tennessee. He can serve on a federal jury by virtue of that restoration. So then the, yes sir? I don't know if it's premature for me to ask, but I think I understand the logic of your argument. And it's a commendably tight legal argument, but I have a couple of concerns about it, all right? I want to address them or allow you to address them, all right? Yes, sir. One is, would Beecham have been decided differently if they had just had your argument without any more facts? Well, Your Honor, I'm loathe to say that anybody that they, the United States Supreme Court would have decided a case differently if it just had some argument that I make. That's what I'm asking. But I... But you have to come to the conclusion that they would have. Yes, sir. I do. Shouldn't that give us great caution to say the Supreme Court had the things that you're referring to right in front of it and decided one way, and it's not like different facts weren't shown to them. Just different law was argued to them, and they were aware of that law, and they would rule one way as the law of the United States when, in fact, the law would have been ruled the argument that you're making. That's what you're arguing, isn't it? Two things in response to that, Your Honor. First of all, I think the asterisk footnote shows that the argument, the specific argument that we're making here was not raised in Beecham, so that they could not have decided an argument that was not raised. Secondly, that... Usually when the Supreme Court's deciding a case on particular facts, they can say, well, we don't know whether these other facts support it, but to say these very facts under the law may well lead to a different conclusion, we're just not going to address it, sounds a little puzzling. Well, there had been... Well, that's the nature of a common law system, Your Honor. I mean, that's what... A common law system develops when you get different facts. It doesn't... It's not usually like, yes, that's what we held, but if the court had come to a different conclusion, then usually that's something that's conceivable. I'm not saying it's impossible, but wouldn't that give you pause? I mean, it gives me a little pause. And if that's giving you pause, then I want to go to the next question, which is, you look... That's my other question. You look at kind of what the court was driving at, or you can look at the precise words of what they said. What they seem to be concerned about is that... We don't know the effect of this conviction because it depends on something else, either where you are, or where you live, or where you reside, or where you commit the subsequent crime, or something like that. We don't know what that is. If you gear it to the law of the jurisdiction that imposed the crime on you, then we do know. We look to one particular place, right? That's what they said. And you're saying basically that the federal law, when we look to the federal law, that in turn looks to something else, which I guess in your case would be where the person is. No, sir. I'm not saying that. And I'm saying exactly what the asterisk footnote says, which is... It doesn't say. It just says you have to look at these various things. Yes, sir. It says, this is a complicated question, one which involves the interpretation of... I'm out of time, Your Honor. May I continue? This is a complicated question, one which involves the interpretation of the federal law relating to federal civil rights. See, U.S. Constitution, Article 1, Section 2, Clause 1. This is a complicated question. The question that it says is complicated is whether a federal felon at all can have his civil rights restored under federal law. Yes, sir. And then it tells us what to consider, and... Well, but it also says consider the possible relevance of the Secretary of Treasury granting relief. There's all these things we would look at. Sure, you would look at, but the question they're saying whether you should look at it is whether federal law even allows this at all. That's fair, but you got to argue something more. You got to say, this is how federal law allows it. And your answer is, it allows it by creating a system that depends on... That might be different in Tennessee than it is in Kentucky, than it is in Michigan, than it is in Alaska. That's kind of a strange thing to attribute to the interpretation of these provisions when the thrust of the overall Beecham decision is, we want to be able to look to the law, the jurisdiction that imposed the crime to see whether anywhere he can carry a gun. Not whether he can go carry a gun in all these different places. That's not strange in our federal system, Your Honor, and the constitutional provisions to which the footnote in Beecham refer, expressly refer back to state law. So there is no way to read that footnote except as the Supreme Court saying that there are circumstances in considering whether or not a federal felon can have their civil rights restored in which one will necessarily consider the effect of state law. That is the... For instance, Article 1, Section 2, Clause 1 says that the persons entitled to vote for members of the House of Representatives are the persons entitled to vote for the most numerous branch of the legislature in the state. That is what the Constitution says. It doesn't work when you're talking about a person who was convicted under Minnesota law. Then you just look to see what Minnesota law does. You've got full faith and credit, and lots of times Minnesota law has to apply Kentucky law. But with respect to this, you just look at Minnesota law, right? But then when you get to federal, you're going to interpret federal as saying it depends on where you are. That's treating the federal conviction a little bit differently than you treat a conviction from another state, which again kind of rubs up against what's going on in Beecham, which is we just want one answer. We don't want to have a myriad, floral kind of answer, florid kind of answer. We want one answer. You can carry a gun. We're going to figure out what the answer is, and then when we know it, you can either carry a gun throughout the United States or you can't carry a gun throughout the United States. If you read Beecham in that way, Your Honor, then it is not the holding of Beecham, if you read Beecham in that way... It's not the literal hold, because they don't get that far. I agree with that. Yes, sir. But if you read Beecham in that way, then Beecham itself rubs up against the United States Constitution, which mandates that those analyses be made. If it is true... We're just talking about federal law. Federal law could say once you're federally convicted, you can't hold a, you can't carry a gun anywhere. I don't think it could, Your Honor. You don't think it could say that? No, sir. I don't think it could say that under the law as it currently is, because the law, as it is right now, is that the relevant rights to be examined to determine whether or not a person's civil rights have been restored are voting, eligibility and holding office, and jury service. That's the three rights that this court and the United States Supreme Court has said are relevant. The federal law could say something different if Congress passed something different. They're not required to base whether you can carry a gun on whether you have those rights as granted by anybody. If the United States Congress passed an amendment to the statute, Your Honor, that said these are the relevant civil rights and had a list of things that were different from voting, holding office and jury service, then that statutory change could be made. But right now the law is those are the three relevant rights. And necessarily under our structure, those rights refer back to state law. Congress passed a law just saying if you're convicted of a, we'll keep the law if you're convicted of state statutes, but if you're convicted of a federal crime, federal felony, whatever it is, then it doesn't matter. You may get restored other rights, but you can't carry a gun. They could do that, couldn't they? I don't think Congress can alter the structure of the government, Your Honor, because It's not just saying what the effects are of a federal crime of a federal felony. One of the effects of a federal felony is you can't carry a gun. It's against federal law for you to carry a gun anywhere in the United States. You're saying that can't be, that's unconstitutional? Amazing. I would make a different argument, Your Honor, if there were a different statute. But I'm dealing with the statute as it is right now. That's always a good answer, but I'm trying to figure out the content of your argument. Your argument can't be that it's constitutionally impossible for the scheme to be that the federal law must, if the federal law could say you can't carry a gun anywhere if convicted of a federal felony, then the federal law also could say something less, which is the determination of whether you can carry a gun anywhere in the United States as a result of a federal felony has to be a yes or no question regardless of what state you're in. You could say that without violating the Constitution. The question is just whether they've said it or not. Sir, I don't think, Your Honor, I'm not prepared to make this argument in any detail here this morning because that's not the argument that's before the court on this. But I would say that if Congress passed, if Congress did away with 921A20 as it is and passed a new statute that said persons who have been convicted of a felony in federal court can never again possess a firearm regardless of the circumstances, people who have been convicted in state court may be able to possess a firearm again if they've had their civil rights restored or if they've been pardoned or expunged. They certainly do that, don't they? I would want to analyze whether or not that might create an equal protection question, Your Honor. There might not even be a rational basis for distinguishing between people who are convicted of felonies in federal court and people who are convicted of felonies in state court. And so Congress, under the Fifth Amendment. If you read Beecham, they seem to contemplate that that would not be a problem. They seem to contemplate that the, basing it on state law where there may or may not be these provisions would not violate equal protection. But that's different than saying could Congress distinguish between federal felons and people who have been convicted of federal, felony in federal court and people who have been convicted of a felony in state court? And I'm not certain they could do that, Your Honor. I don't concede that without being fully prepared to argue that point. Thank you for your time. Thank you. You'll have your rebuttal. Thank you. Good morning, Your Honors. May it please the Court, my name is Gary Vanasek, representing the United States in this matter. Your Honor, I had prepared remarks, but you seem to go to the heart of the problem, and I want to try to address that, and that is the parameters of Beecham. It seems to me that the court in Beecham was suggesting that, or was saying, that you had to look to federal law for federal felons and state law for state felons. It didn't reach the question of, in fact, whether a federal felon could, under the federal law, have his civil rights restored. The notion or the concept of the restoration of civil for the restoration of civil rights by persons who have either been, maybe in some cases their charges have been dropped, or they've been convicted, they can either, if they meet a series of qualifications, they can have their rights restored, or under a general provision, once they complete their sentence, their rights are restored by operation of law. It seemed to me that the Beecham court recognized, in some senses, the limits of its holding at the end of the decision, in which it says, we don't really know what Congress had in its mind when it revised the statute, but we do know what it plainly says, and this is what it plainly says. Now, if Congress wants to revisit this, perhaps it should, but it's not for this court to decide that the statute says something different than what the United States Supreme Court has said it says. The Supreme Court says that it's a federal law issue of whether they've sufficiently got their rights restored that they can carry a weapon, right? That's correct. What if they had also said, we're speaking hypothetically about different statutes, what if they said, you get your rights restored, if in the state where you live, your state rights have been restored, and that was the federal statute? That would be all right, wouldn't it? Yes, it probably would. Why isn't the scheme that we have doing that? Because it seems to be doing that. They make a pretty strong argument that it does that. Instead of saying exactly those words that I said, it instead says, for each of the three rights that are relevant, the state law will determine whether you get the federal law right restored. So instead of one statute doing it, it's two statutes and a constitutional provision that do it. They're all federal law, right? It's doing it indirectly. Doing it indirectly, that's right. What the courts said. It's used to do directly. Exactly. Why not? What's the argument against that, I guess? I mean, I understand the argument is it seems unlikely they would do that, but other than that, is there any argument? Your Honor, I think that that's really a policy question that's best answered by the legislature. No, but we're stuck with reading the import of the federal legislation. Yes, sir. The federal legislation is 1865, and in the absence of any negative implication from 925. So you've got these federal statutes which they say, when you read them and add them up, they say you get your rights restored for purposes of this statute. And you say they don't. That's an interpretation which probably involves some We just figured out what we think a good statute should be. That can't be the answer. No, sir. I do not. So how do we know that this is not the right answer that he's suggesting when Beecham seems to say that's something you can decide in the future, lower courts. We're not going to do it for you right now. I'm curious. Yes. I'm curious, and I'm open to your argument because it seems like bad policy, but if that's what they said, I guess that's what they said. Well, Your Honor, the court sort of addresses this when it says if this works in a disparity between convicted felons in one state that doesn't have a restoration procedure and convicted felons in a state which does have a restoration procedure, and therefore there is already a disparity existing in the law, the fact that federal defendants may not have this avenue for overcoming. The question is whether they do have it or not, not whether it's unfair if they don't. Right. Well, in discussing that it's not a problem if it's unfair if they don't, that is, it is not unfair, they are implying that they do not. Yes, I'm not getting the basis for the inference. Well, you know, the court said in the footnote that it's not deciding that issue, but that footnote is made right after its discussion of the Ninth Circuit's argument or holding in Geiler, and then it goes on to say the reasoning assumes that Congress intended for felons convicted in all jurisdictions to have equal access to these remedies, and that simply isn't the case. So there's an underlying policy that they're furthering in Beecham that it not depend on where you are or some other kind of transient kind of category to know whether you can carry a gun or not, and then if we carry that policy into an interpretation of these provisions we'll get the same conclusion. Is that the idea? Yes. Your Honor, the court has obviously thought thoroughly about this in advance of the argument. I would add this, and maybe I say too much, but to some degree it seems to me that the provision regarding the expungement portion of the statute is similar. It's certainly not exactly the same, but the truth of the matter is that most states have extensive provisions for expungement of criminal records. Tennessee has a very extensive statute allowing expungement of all kinds of convictions, but of course the federal system has very little in the way of expungement. By comparison, if we want to interpret it their way, we should look for more specific language. Is that the idea? Yes. And with that I'll ask the court to affirm the decision of the district court. Just one final question. Yes, sir. Under your argument, there'd be no way for an individual with federal conviction to have restored his right to bear firearms. Is that right? Yes, sir. Could I ask a follow-up to that question? Would that be true if Congress stopped its yearly... No, it would not be true. Congress could at any time not continue acting their treasury department and get it. Yes, sir. Actually, to the ATF now, the Bureau of Alcohol, Tobacco, and Fire. They're not in the treasury? Where are they? Justice. They used to be in treasury? Yes, sir. I'm an old man. Thank you. Any rebuttal? Yes, sir. Thank you. Two things. First of all, the answer to the last question I suggest is different than Mr. Van Dsek gave. The answer is that if Congress raised the funding prohibition on the office in ATF that performs the relief function, that would not affect the restoration provision. The fact is that those are two different things completely and totally. And this just one sentence... They're legally different, but they would achieve the same result, wouldn't they? Yes, sir. I was just wondering. I thought that might be responsive to Judge Quigley. All right, sir. I just think that it's important to our side of the argument that they're two totally different things. Because, for instance, the 925C relief from disabilities under 920 would not affect a person's right to vote or serve on a jury or hold office or anything of that nature. So it's not the same. And a person who has their civil rights restored doesn't need any relief from the disabilities because they're not included within the ambit of the disabilities imposed by the statute. The second thing is that there was not a discussion in Beecham... I don't believe in... Of course, I always could be corrected, but I just looked at it again while I was sitting there. Beecham is purely a question of statutory interpretation, not a question of some policy about whether or not you want one jurisdiction to determine the ability of someone who's convicted in federal court to possess a firearm anywhere in the country. Beecham does not say we're trying to announce a unified policy so that everybody who's convicted of a felony in federal court anywhere in the country has the same disabilities regardless of where they go in the country, regardless of where they live, or regardless of where the crime was committed. That is... It started out by saying today we construe three provisions of the federal firearm statutes, and it said 922G, which is the disability, 921A20, which is the choice of law provision, and 921A20, another part, which is the exemption provision. It was purely a question of statutory interpretation, not a question of policy. And when you look at the footnote, the statutory interpretation question comes out in our favor in this case, and the United States cannot dispute that. In fact, they haven't all the way through this case. They've never said Mr. Walker doesn't have the right to run for federal office and eligible to hold federal office. They've never said that Mr. Walker doesn't have the right to serve on a federal jury. They've never said that Mr. Walker doesn't have the right to vote in a federal election, and they won't say that because they can't say that. It wouldn't be accurate if they did. They're just saying he can't carry a firearm. Yes, sir, but the United States Supreme Court in this case have said in determining the restoration of civil rights under 921A20, the relevant analysis is whether or not the person has the right to vote, whether or not the person has the right to serve on a jury, and whether or not the person has the right to hold office. It would be circular to say that a person can't have their gun rights restored until their gun rights, as Cassidy and Karen and Logan all say, and we've analyzed those rights. And those rights fall squarely on Mr. Walker's side of this dispute. And when you analyze those undisputed facts in this case in light of the asterisk footnote in Beecham, Mr. Walker is not a person who has a disability or is precluded from possessing a firearm under 922G because he's a person whose respectfully request that the decision of the district court be reversed and that judgment be entered in Mr. Walker's favor. Thank you. Thank you very much. And the case is submitted.